IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Katrina D. Jackson, ) | |
| ) | Civil Action No.:  3:24-cv-01104-CMC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **COMPLAINT** |
| Brookfield Properties Retail, Inc. ) | **(Jury Trial Demanded)** |
| and Andy Frain Services, Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The Plaintiff, by and through her undersigned counsel, respectfully alleges and will show that:

1. The Plaintiff is a citizen and resident of the County of Charleston, State of South Carolina.

2. Upon information and belief, Defendant Brookfield Properties Retail, Inc., (hereinafter "BPR", "Defendant BPR") is a Delaware corporation and global real estate services company authorized to do business in South Carolina and that, as part of its business, owns and operates retail shopping malls across the world, including the Columbiana Centre Mall (hereinafter "the Mall") in Columbia, South Carolina.

3. Upon information and belief, Defendant Andy Frain Services, Inc., (hereinafter "AFS", "Defendant AFS") is a corporation existing pursuant to the laws of the State of Illinois and operating within the State of South Carolina. Upon information and belief, AFS provided security services at the Columbiana Centre Mall (hereinafter "the Mall") at all relevant times contained hereto.

4. Pursuant to 28 U.S.C. Section 1391(b)(2) and Local Civil Rule 3.01(A)(1), venue is proper in the Columbia Division of the United States District Court, District of South Carolina, as a substantial part of the events giving rise to this lawsuit occurred in Richland County.

5. Once served with process, Defendant BPR and Defendant AFS (collectively hereinafter "Defendants") are subject to the jurisdiction and venue of this Court.

## FACTUAL ALLEGATIONS

6. Upon information and belief, BPR owns, controls, manages, and assumes responsibility for the Mall located at 100 Columbiana Circle, Columbia, South Carolina 29212.

7. Defendant BPR makes operational decisions at the Mall, including, but not limited to, decisions regarding security services and mechanisms.

8. At all times relevant, upon information and belief, BPR contracted with AFS to provide security services to BPR and its customers at the Mall. This contract and agreement created an agency relationship between BPR and AFS, and all actions and inactions of AFS and its agents and/or employees are imputed to BPR through agency and/or apparent authority.

9. Defendant AFS promotes and advertises its services to provide a safe and secure environment for the patrons of the Mall.

10. The negligent acts, omissions and liability of all Defendants also refer to and include each Defendants' agents, principals, employees and/or servants, both directly and vicariously, pursuant to principles of corporate liability, apparent authority, agency, ostensible agency and/or *respondeat superior*.

11. That all of the above-named Defendants are jointly and severally liable as to all damages alleged herein since their negligent, reckless, and wanton acts and omissions, singularly or in combination, were a direct and proximate cause of the Plaintiffs' damages and injuries.

12. On Saturday, April 16, 2022, Plaintiff was a lawful invitee of the Mall and was shopping with her family.

13. On the same date and at the same time, two groups of unsupervised juveniles were inside the Mall, loitering and causing a disturbance. These individuals began a verbal altercation, which escalated when the two groups pulled guns on each other and started shooting multiple times inside the Mall.

14. Upon information and belief, the individuals involved in the shooting were known as regular troublemakers; however, steps were not taken to deter these individuals from hanging out in groups at this location.

15. The Plaintiff was caught in the crossfire, sustaining a gunshot wound to her right leg.

16. In the recent months and even years preceding this event complained of, a number of crimes, including violent crimes, occurred on Defendant BPR's premises.

17. Prior to April 16, 2022, the Defendants were on notice that the Mall was unsafe and posed risks of danger to the public and its invitees, including the Plaintiff.

18. Prior to April 16, 2022, the Defendants knew or should have known of numerous reports of assaults, robberies, and other violent crimes occurring on and around the premises of the Mall such that Defendants should have increased the security presence and/or added additional security measures dues to the extensive history of criminal activity and violence that took place at the Mall.

19. Prior to April 16, 2022, the Defendants were on notice that they needed to develop written policies and procedures, training methods, codes of conduct, and other methods of operation to ensure that their employees and their businesses were properly trained and capable of

providing an atmosphere that was not extremely dangerous, unsafe to the public and invitees, and unsafe to the Plaintiff.

20. As a direct and proximate result of the Defendants' acts, and omissions, the Plaintiff suffered severe bodily injuries, mental anguish, medical bills, and such other damages to be proven in the case.

**FOR A FIRST CAUSE OF ACTION**
**(Negligence as to All Defendants)**

21. The Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if they were set forth in this paragraph in their entirety.

22. The Defendants, in the conduct of their business, hire managers, staff, and employees to conduct business at the establishment, including hiring security for the Mall.

23. The Defendants have a duty to properly hire staff, management, and/or employees and to train and manage said management, staff and employees to act prudently.

24. The Defendants owed a duty to the Plaintiff and the general public to exercise caution and provide security and protection for their customers and invitees against others who violate any laws, ordinances, or otherwise do anything that would put the public and invitees at risk.

25. At all times relevant, the Defendants owed Plaintiff a duty of care to keep the premises of the Mall safe and secure.

26. Defendants had a duty to take reasonable action to protect their invitees against the foreseeable risk of physical harm.

27. That due to and as a result of the Defendants' negligence, gross negligence, and recklessness, including but not limited to negligent hiring, negligent training, and negligent

retention of the Defendants' employees and/or agents, who were acting or omitted from acting, within the course and scope of their employment, Plaintiff suffered severe bodily injuries.

28. Plaintiff's injuries are the direct and proximate result of the Defendants' breaches of duties owed to her.

29. The Defendants negligently and recklessly failed to notify the public and its invitees of the dangers and risks of harm to the public, its invitees, and the Plaintiff.

30. The Defendants, through their agents, servants and employees, were negligent, grossly negligent, willful, wanton, careless, and reckless at the above-mentioned time and place, in the following particulars, to wit:

   a. In then and there failing to take reasonable action to protect the public, invitees, and the Plaintiff from the foreseeable risk of physical harm;

   b. In then and there failing to implement proper measures, policies and/or procedures so as to deter and prevent crime on the premises;

   c. In then and there failing to warn of or eliminate unreasonable risks within the area of invitation;

   d. In then and there failing to staff adequate and competent personnel and employees so as to ensure the rights and safety of the public, invitees and the Plaintiff;

   e. In then and there failing to train personnel and employees with adequate security policies and with the best security practices;

   f. In then and there failing to properly supervise its management, security, staff, employees and/or agents;

    g. In then and there failing to take any action to prevent the Plaintiff from being shot;

    h. In failing to exercise that degree of care and caution which a reasonable and prudent person would have exercised under the circumstances then and there prevailing;

    i. By negligently allowing injury to the Plaintiff;

    j. In then and there violating the statutes and ordinances of the State of South Carolina; and

    k. In such other particulars as the evidence at trial may show.

31. Any one or more of which acts of commission and/or omission were a proximate cause of the injuries suffered by the Plaintiff and were in violation of the statutory laws of the State of South Carolina.

32. The Plaintiff is informed and believes that she is entitled to judgment in this matter for actual, special, consequential, and punitive damages in an amount to be determined through this Honorable Court.

## FOR A SECOND CAUSE OF ACTION
### (Negligent Retention as to All Defendants)

33. The Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if they were set forth in this paragraph in their entirety.

34. The Defendants owed a duty to the public, their invitees and the Plaintiff to hire personnel and employees who were appropriately trained and qualified to act as security for the Mall.

35. The Defendants breached that duty by hiring personnel and employees who were

not adequately trained and were not qualified to secure the Mall and protect patrons and invitees, including the Plaintiff.

36. The Defendants breached that duty continually by hiring personnel and employees who failed to secure the Mall and protect its patrons and invitees, including the Plaintiff, while the Defendants had knowledge that these persons committed prior similar negligent conduct and Defendants failed to remedy the situation. Additionally, Defendants failed to hire and employ enough security personnel to properly and adequately protect the Mall and its invitees from harm.

37. As a direct and proximate result of the negligent, grossly negligent, careless, reckless, willful and wanton acts and/or omissions of the Defendants, through their agents, servants and/or employees, the Plaintiff suffered severe bodily injuries.

38. The Plaintiff is informed and believes that she is entitled to judgment in this matter for actual, special, consequential, and punitive damages in an amount to be determined through this Honorable Court.

**FOR A THIRD CAUSE OF ACTION**
**(Negligent Supervision as to All Defendants)**

39. The Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if they were set forth in this paragraph in their entirety.

40. The Defendants owed a duty to the Plaintiff and others to supervise their personnel and employees and determine if these persons were appropriately trained and adequate to act as security and not to allow these personnel to place the Plaintiff and others at risk of being injured.

41. The Defendants breached that duty by failing to supervise their personnel and employees who failed to provide security against the acts described in this Complaint and the Defendants had knowledge that these persons were likely to fail to provide sufficient security and safety procedures and Defendants failed to remediate the situation.

42. That Defendants had knowledge that their personnel and employees had committed similar conduct and/or omissions in the past and Defendants failed to properly supervise their personnel and employees to prevent such conduct and/or omissions from occurring again.

43. As a direct and proximate result of the negligent, grossly negligent. careless, reckless, willful, and wanton acts and/or omissions of the Defendants, through their agents, servants and/or employees, the Plaintiff suffered severe bodily injuries.

44. The Plaintiff is informed and believes that she is entitled to judgment in this matter for actual, special, consequential, and punitive damages in an amount to be determined through this Honorable Court.

WHEREFORE, Plaintiff prays for judgment against these Defendants for actual, special, consequential, damages, and punitive damages in an appropriate amount, for the costs of this action, and for such other and further relief as the Court may deem just and proper.

**McWHIRTER, BELLINGER & ASSOCIATES, P.A.**

s/J.C. Nicholson, III_____
J.C. Nicholson, III, Esquire
Fed I.D. No.: 9171
119 East Main Street
Lexington, South Carolina 29072
P: 803-359-5523
F: 803-996-9080
E: JC@mcwhirterlaw.com
***Attorney for the Plaintiff***

March 4, 2024
Lexington, South Carolina